865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lilly THOMPSON (Widow of James Thompson), Petitioner,
v.
PEABODY COAL COMPANY, et al., Respondents.
 No. 87-4072.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1988.
 
 Before LIVELY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lilly Thompson, the widow of a deceased coal miner, petitions for review of a decision of the Benefits Review Board (BRB) affirming the decision and order of an administrative law judge denying Mrs. Thompson's application for benefits under the Black Lung Act.
 
 
 2
 The miner worked for twenty-six years in coal mines and died in August 1977. He was being treated for cancer in his hip which had metastasized to his lungs at the time of his death. An autopsy was performed and the original report described anthracotic pigment in both the microscopic and gross description of the lungs. The petitioner relies principally upon the report of Dr. Miller, Board certified in pathology, which stated that after reviewing four slides of the deceased miner's lung tissue at autopsy, he made a finding of "multiple anthracotic macules, with collection of pigment-laden macrophages within alveoli, as well as within the surrounding interstitium." Dr. Miller concluded that "the presence of anthracotic macules establishes that this patient had Coal Workers' Pneumoconiosis." The administrative law judge (ALJ) who heard the case gave greater weight to the report of Dr. Altose, Board certified in internal medicine and pulmonary diseases, who stated that he reviewed eight lung tissue slides sent to him by respondent's counsel and "that they did not show any evidence of silicosis or coal workers' pneumoconiosis."
 
 
 3
 On appeal the BRB held that the findings and decision of the ALJ are supported by substantial evidence and are in accordance with applicable law. The BRB held that an ALJ may give greater weight to the report of a physician who has superior qualifications and may give greater weight to autopsy evidence than to X-ray or biopsy evidence. For these reasons, the BRB affirmed the decision of the ALJ.
 
 
 4
 In seeking review of the decision, the petitioner argues that she produced evidence sufficient to invoke the interim presumption, pursuant to 20 C.F.R. Sec. 727.203(a), that her husband was totally disabled due to pneumoconiosis arising out of his coal mining employment. He had more than ten years of qualifying coal mine employment. Since pulmonary anthracosis is a form of pneumoconiosis, she asserts, the autopsy report which referred to the presence of anthracotic pigmentation established a condition that invoked the presumption. She relies particularly on the report of Dr. Miller based on his review of the slides of her husband's lung tissue. The presence of anthracotic macules and anthracotic pigment, she maintains, satisfied the requirement for a presumption of legal pneumoconiosis even though these conditions might not establish medical pneucomoniosis. Since a presumption is involved, proof of medical pneumoconiosis is not required; the presumption is invoked if the legal requirements are met. The petitioner also contends that one undated X-ray, read by an unidentified reader to show the presence of pneumoconiosis, was sufficient to invoke the presumption under Sec. 727.203(a).
 
 
 5
 Taking the last argument first, the Supreme Court has now held that a single positive chest X-ray is not sufficient to invoke the interim presumption. Mullins v. Director, O.W.C.P., --- U.S. ----, 108 S.Ct. 427 (1987). Under Mullins a petitioner must establish the presence of black lung disease by a preponderance of the evidence. Given the fact that a number of subsequent X-rays were read by radiologists who were B readers as showing no pneumoconiosis, the X-ray relied upon by the petitioner did not invoke the presumption. With respect to the autopsy findings, this court cannot conclude that the findings of the BRB lacked substantial evidentiary support. There was a clear conflict in the evidence of the conditions disclosed by the autopsy, and the BRB based its decision on the opinion of a qualified medical witness who examined the deceased miner's organs as well as the autopsy report itself. The petitioner did not establish the presence of pneumoconiosis by a preponderance of the evidence.
 
 
 6
 The petition for review is denied, and the decision of the BRB is affirmed.